IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| KENNETH AND BRENDA GVIST, | ) | Case No. 16-20921 |
| | ) | |
| Debtor. | ) | Honorable Janet S. Baer |
| | ) | |
| | ) | **Hearing Date:** June 11, 2019 |
| | ) | **Hearing Time:** 10:00 a.m. |
| | ) | **Courtroom:** 615 |

**COVER SHEET FOR FIRST AND FINAL FEE APPLICATION OF
FRANKGECKER LLP, COUNSEL TO FRANCES GECKER, CHAPTER 7
TRUSTEE OF THE ESTATE OF KENNETH AND BRENDA GVIST**

Name of Applicant:            FrankGecker LLP

Authorized to Provide         Frances F. Gecker, solely as Chapter 7 Trustee
Professional Services to:     of the Estate of Kenneth and Brenda Gvist

Date of Retention             November 29, 2016 retroactive to July 15, 2016

Period for Which
Compensation is Sought:       July 15, 2016 through March 31, 2019

Amount of Fees Sought:        $         6,767.50

Amount of Expense             $            79.00
Reimbursement Sought:

This is a:                    First and Final Fee Application

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein: $0.00

{GVIST/001/00055659.DOCX/}

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| KENNETH AND BRENDA GVIST, | ) Case No. 16-20921 |
| | ) |
| Debtor. | ) Honorable Janet S. Baer |
| | ) |
| | ) **Hearing Date:** **June 11, 2019** |
| | ) **Hearing Time:** **10:00 a.m.** |
| | ) **Courtroom:** **615** |

## NOTICE OF HEARING

PLEASE TAKE NOTICE THAT on **June 11, 2019**, at **10:00 a.m.**, we shall appear before the Honorable Janet S. Baer, or such other judge as may be sitting in her stead, in Courtroom 615 at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, and present the **First and Final Fee Application of FrankGecker LLP, Counsel to Frances Gecker, Chapter 7 Trustee of the Estate of Kenneth and Brenda Gvist** a copy of which is attached hereto and hereby served upon you.

Dated: April 25, 2019

                                                                   FRANCES GECKER, solely as Chapter 7
                                                                   Trustee of the bankruptcy estate of
                                                                   KENNETH AND BRENDA GVIST

                                                     By:_____/s/ *Micah R. Krohn*_____
                                                                              One of her attorneys

Micah R. Krohn (IL ARDC #6217264)
FRANKGECKER LLP
1327 W. Washington Blvd., Ste. 5G-H
Chicago, IL 60607
(312) 276-1400
(312) 276-0035 (fax)
mkrohn@fgllp.com

{GVIST/001/00055659.DOCX/}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| KENNETH AND BRENDA GVIST, | ) | Case No. 16-20921 |
| | ) | |
| Debtor | ) | Honorable Janet S. Baer |

**FIRST AND FINAL FEE APPLICATION OF FRANKGECKER LLP,
COUNSEL TO FRANCES GECKER, CHAPTER 7
TRUSTEE OF THE ESTATE OF KENNETH AND BRENDA GVIST**

FrankGecker LLP ("FG"), counsel to Frances Gecker, solely as Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Kenneth and Brenda Gvist (the "Debtor"), hereby submits this first and final fee application (the "Application") for compensation and reimbursement of expenses pursuant to 11 U.S.C. § 330 for legal services performed and expenses incurred as counsel to the Trustee during period commencing July 15, 2016 through and including March 31, 2019 (the "Application Period"). In support hereof, FG Respectfully represents as follows:

## INTRODUCTION

1. On June 28, 2016 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code (the "Case"). Frances Gecker is the duly appointed and acting trustee.

2. Prior to the Petition Date, Kenneth Gvist sold his business Affordable Temperature Control, Inc. (the "Business") to his son James Gvist ("J. Gvist") pursuant to a Stock Purchase Agreement dated July 31, 2014 (the "Sale Agreement") for the purchase price of $125,000.

3. Under the Sale Agreement, the purchase price was to be paid pursuant to the terms of a Promissory Note dated July 31, 2014, in equal, consecutive monthly payments of $2,500 each, commencing in September, 2014 (the "Promissory Note").

{GVIST/001/00055659.DOCX/}

4.  J. Gvist made payments under the Promissory Note for approximately one year, at which point the Business began to experience difficulties, revenues decreased, and payments under the Promissory Note ceased. The unpaid principal balance due under the Promissory Note is approximately $102,000.

5.  The Trustee conducted informal discovery on the Business, and J. Gvist and his wife, and reviewed tax returns, financial statements and other documents that they produced. Based on her investigation, the Trustee believes that there were nominal assets from which the estate realistically could expect a recovery on account of the estate's claims against J. Gvist.

6.  The Trustee and J. Gvist agreed to settle the estate's claims against J. Gvist in exchange for payment of $15,000 to the estate, payable in 25 equal, consecutive monthly payments of $600 each, commencing on December 1, 2016 and continuing on the first day of each succeeding month until paid in full (the "Settlement").

7.  J. Gvist made the final installment payment on the Settlement on November 29, 2018.

8.  This Application seeks allowance of all fees and expenses incurred by FG from July 15, 2016 through and including March 31, 2019. To aid the Court in its review of this Application, the Trustee's counsel has divided this Application into three parts. Part I describes the practical and legal issues encountered by the Trustee's counsel, and actions taken and results obtained by counsel. Part II describes the qualifications and areas of expertise of the Trustee's attorneys. Part III describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

I. **SERVICES PERFORMED**

    A.    **Administration**                                                                  **$889.00**

Counsel spent 1.90 hours at a cost of $889.00 on general case administration. This category encompasses all general case administration matters, including review of the Debtors' schedules and statement of financial affairs and preparation for and attendance at hearing on the Trustee's final report and fee applications.

    B.    **Asset Investigation**                                                 **$2,655.00**

Counsel spent 6.00 hours at a cost of $2,665.00 on matters relating to valuation and sale of assets of the estate. FG reviewed and investigated the sale of the Debtors' Business including the unpaid promissory note and the value of a stock certificate.

    C.    **Retention of Professionals/Fee Applications**                     **$1,613.50**

Counsel spent 5.70 hours at a cost of $1,613.50 preparing motions to retain FG and accountant for Trustee; attend hearings on respective employment applications.

    F.    **Settlement**                                                                          **$1,610.00**

Counsel spent 3.80 hours at a cost of $1,610.00 on matters relating to settlement with J. Gvist regarding the shortfall of sale the Debtors' business. FG negotiated a repayment schedule with J. Gvist and monitored the consummation of the settlement through the final payment.

II. **ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE**

    A.    Micah R. Krohn (MRK) is senior counsel at FG. Mr. Krohn graduated from the Cardozo School of Law in 1992 after serving as a Lieutenant in the United States Navy. Mr. Krohn served as a law clerk to the Hon. Erwin I. Katz from 1992-1994, and has represented trustees, creditors' committees, debtors and creditors for nearly 25 years.

B.  Michael H. Matlock (MHM) is a bankruptcy paralegal at FrankGecker LLP. A graduate of the University of Oklahoma, Mr. Matlock has over 25 years of experience working in bankruptcy matters in debtor, creditor and trustee cases.

### III.  CALCULATION OF TIME AND FEES

This is FG's First and Final Application for compensation and reimbursement of expenses in representing the Trustee in this case. It covers the period from July 15, 2016 to and including March 31, 2019. All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services rendered for the benefit of the Trustee and the Debtor's bankruptcy estate. No agreement or understanding exists between FG and any other person for the sharing of compensation received or to be received in connection with this case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

As set forth in the attached exhibit, the attorneys and paralegals at FG have spent a total of **17.40** hours providing necessary legal services for the Trustee. FG requests compensation in the amount of **$6,767.50** for actual, necessary legal services performed, as itemized in **Exhibit A**. The average hourly rate is **$388.75**. Additionally, counsel has expended the sum of **$79.00** for actual, necessary expenses incurred in representing the Trustee, as itemized in **Exhibit A**.

In preparing this fee application, counsel has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee. The data used came directly from computer printouts which are kept on each client. The hourly rates charged are the regular hourly rates charged by counsel to its clients. Counsel worked to avoid any duplication of efforts between parties, and in instances where more than one attorney billed for a project, there was a need for multiple attorneys' involvement. Multiple representation in analogous circumstances has been approved. *See Berberena v. Coler*, 753 F.2d 629 (7th Cir. 1985); *In re*

*Washington Manufacturing Co.*, 101 B.R. 944 (Bankr. M.D. Tenn. 1989); *In re N-Ren Corp.*, 71 B.R. 488 (Bankr. S.D. Ohio 1987).

Counsel does not bill its clients or seek compensation in this fee application for its overhead expenses, including word processing or photocopying; instead, such expenses are factored into counsel's normal and customary rate. Counsel does not include charges for long distance telephone, photocopying or computer research in its overhead because it has determined that it is fairer to its smaller clients who use proportionately less of these services to have these expenses billed separately. These charges fairly compensate the firm's actual costs and do not result in undue revenue for the firm. Moreover, counsel's non-bankruptcy clients routinely are billed and pay these types of expenses. See *In re Continental Securities Litigation*, 962 F.2d 566, 570 (7th Cir. 1992).

No compensation has been promised to counsel other than as disclosed or approved by this Court. Counsel certifies that there is no agreement between it and any other party regarding the sharing of fees except with counsel's general partners, and counsel has not discussed or negotiated the amount of its fees with any party except its client. Finally, counsel represents that it is and remains a disinterested party and does not hold any adverse relationship with this estate.

WHEREFORE, FrankGecker LLP, respectfully requests that this Court enter an Order:

    a.    Allowing FrankGecker LLP final compensation for legal services provided to the Trustee in the amount of **$6,767.50**;

    b.    Allowing FrankGecker LLP final reimbursement of expenses incurred in the amount of **$79.00**;

    c.    Authorizing the Trustee to pay FrankGecker LLP total compensation in the amount of **$6,846.50**; and

      d.    Granting such other relief as the Court deems just and equitable.

Dated: April 25, 2019

Respectfully submitted,

FRANKGECKER LLP

By:     */s/ Micah R. Krohn*
        One of its attorneys

Micah R. Krohn (IL Bar No. 6217264)
FrankGecker LLP
1327 W. Washington Blvd., Ste. 5G-H
Chicago, IL 60607
Phone: (312) 276-1400
Fax:   (312) 276-0035
mkrohn@fgllp.com